GARDNER BAKING COMPANY, Respondent, vs. PUBLIC SERVICE COMMISSION, Appellant.

*February 12—April 27, 1937.*

For the appellant there was a brief by the *Attorney General, H. T. Ferguson,* assistant attorney general, and *Philip H. Porter,* counsel for the Public Service Commission, and oral argument by *Mr. Porter.*

For the respondent there was a brief by *Olin & Butler,* and oral argument by *Robert M. Rieser,* all of Madison.

The following opinion was filed March 9, 1937:

FOWLER, J. Judgment was entered on the pleadings enjoining the Public Service Commission from instituting suit

to enforce penalties for violation of its order fixing hours of service for drivers of private motor carriers. The question involved is whether the Public Service Commission has power under the provisions of the Motor Vehicle Transportation Act (sec. 194.01 *et seq.*, Stats.) to fix the hours of service of such drivers.

That act expressly gives power to the commission to prescribe such hours for drivers of common carriers and contract carriers. No provision is made for so doing as to private carriers. It is claimed by the commission that power as to the latter is conferred by secs. 194.02 and 194.43, Stats. Sec. 194.02 declares it to be the purpose and intent of the legislature in enacting the motor-truck law to confer on the commission power "to supervise and regulate the transportation of persons and property by motor vehicles upon or over the public highways of this state in all matters, whether *specifically*" stated or not, so as to "(b) Protect the safety and welfare of the traveling and shipping public in their use of the highways." Sec. 194.43 confers on the commission power to prescribe reasonable and necessary regulations for the safety of operations of private motor carriers.

The duty and power of the commission as to common carriers in respect of the matter involved is conferred by sec. 194.18 (8) : "To prescribe rules and regulations as to the hours of labor of drivers of motor vehicles operated under common motor carrier permits." As to contract carriers, the provision in respect of the matter is "to prescribe rules and regulations for the safety of operation of such carriers, including rules and regulations as to the hours of labor of drivers of motor vehicles operated under contract motor carrier permits. Sec. 194.36 (3), Stats.

On the one hand it is argued that as the legislature expressly conferred the power to fix hours of service in case of common and contract carriers, it would have expressly conferred the power on private carriers also had it intended to

do so. *Inclusio unius, exclusio alterius.* On the other it is argued that the legislature itself determined the necessity of making such an order as to common and contract carriers, and made it the duty of the commission to prescribe such hours of service according to the declared purpose of the act as the existing facts required, while in case of private carriers it conferred on the commission power to determine whether the existing facts required such an order, and if it determined that it did to make the requisite order.

The question to be solved is the intent of the legislature. We are of opinion that the legislature did not intend by the Motor Vehicle Transportation Act that the commission should fix hours of service of drivers of private carriers. By the act the class of private carriers comprises all persons not common or contract carriers engaged in the transportation of property on the highways by motor vehicles other than automobiles and automobiles with trailers. Sec. 194.01 ('14), Stats. The class is comprised almost entirely of farmers using their own trucks to deliver their produce and to haul feed for their stock and tradesmen using their own trucks to deliver merchandise sold. Aside from the force of the maxim *"inclusio unius, exclusio alterius,"* which may be little, it seems to us that if the legislature had intended the commission to fix hours of service for drivers of the trucks of farmers and tradesmen used as stated, it would have so stated. There is no more reason for fixing hours of service for drivers of such trucks so used than for drivers of automobiles, or as much reason for that matter, for drivers of such trucks, as a general proposition, make fewer and shorter trips than users of automobiles. There is no more need for drivers of such trucks to be regulated as to hours of service than drivers of automobiles used by realtors in their business or trouble men of public-service corporations driving automobiles or traveling salesmen driving automobiles.

Withdrawal of a proposal to prescribe hours of labor of drivers of motor vehicles in the 1935 legislature (substitute amendment to Bill No. 312, S.) indicates that the legislature was opposed to the proposal. It may be assumed that the legislature never intended that the commission might do as to drivers of trucks used as private carriers by farmers and tradesmen what they themselves would not do as to drivers of motor vehicles generally.

That the legislature had no intent that the commission should fix hours for drivers of private carriers is indicated by the amount of the fee, $1 and $2, exacted for the permit, and the deduction of this fee from the registration fee prescribed by sec. 85.01, Stats. 1933, for all motor vehicles. Sec. 194.04 (4) (d), (e), (f), Stats. 1933. In case of common and contract carriers, the permit fees of $25 and $15, respectively, sec. 194.04 (1) (b), (c), Stats. 1933, are in addition to the registration fees, and are allocated to "carrying out the provisions" of the Motor Vehicle Transportation Act and the provisions of sec. 76.54, Stats., relating to motor carriers. Sec. 20.51 (5), Stats. The application of the permit fees of private carriers to the registration fee indicates that no expense of regulating such carriers was contemplated as was contemplated in case of other carriers, hence no such detailed and minute regulation of the former was provided for or contemplated as was contemplated and provided for as to the latter.

*By the Court.*—The judgment of the circuit court is affirmed.

MARTIN, J., took no part.

A motion for a rehearing was denied, without costs, on April 27, 1937.